UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZUCKERMAN SPAEDER LLP, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>JAMES A. AUFFENBERG, JR., )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | Civil Action No. 09-0906 (RBW) |

### FIRST AMENDED COMPLAINT

Plaintiff Zuckerman Spaeder LLP ("Zuckerman Spaeder" or the "Firm"), by its undersigned attorneys, files this First Amended Complaint against Defendant James A. Auffenberg, Jr. ("Auffenberg"). Because Auffenberg is a former client of Zuckerman Spaeder, this matter is pled without elaboration consistent with the provisions of District of Columbia Rule of Professional Conduct 1.6 and Comments [24]-[27] thereto. Zuckerman Spaeder seeks money damages and other relief and alleges as follows:

### THE PARTIES

1. Plaintiff Zuckerman Spaeder is a law firm organized as a limited liability partnership under the laws of the State of Maryland with its principal place of business in Washington, D.C. Zuckerman Spaeder has a national white collar criminal defense practice that includes the defense of federal criminal tax and fraud cases.

2. Defendant Auffenberg is a resident of the State of Illinois.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) due to the fact that a substantial number of the events giving rise to the claim occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

5. In May 2008, Auffenberg met with a Zuckerman Spaeder partner in the District of Columbia regarding legal representation in a criminal tax and fraud case ("the Criminal Case") originally brought against him in the United States District Court for the Southern District of Illinois but transferred to the United States District Court for the Virgin Islands, Division of St. Croix. The United States Department of Justice Tax Division had approved the prosecution, and Tax Division attorneys based in Washington, D.C. represented the government with Assistant United States Attorneys from the Southern District of Illinois in all proceedings.

6. In June 2008, Auffenberg executed a written engagement agreement that provided for Zuckerman Spaeder to assist in pretrial preparation of the Criminal Case but not to enter an appearance in the case or represent Auffenberg at trial. Other counsel had been representing, and continued to represent Auffenberg in the Criminal Case.

7. In August 2008, Auffenberg executed a supplemental engagement agreement that provided for Zuckerman Spaeder to enter an appearance as counsel for Auffenberg in the Criminal Case and to represent Auffenberg at trial. The June 2008 and August 2008 engagement agreements are referred to hereinafter collectively as "the Fee Agreement."

8. The Fee Agreement provided that Auffenberg would compensate Zuckerman Spaeder on an hourly basis for its work at the Firm's hourly rates and that Auffenberg would reimburse the Firm for its expenses and costs incurred in the representation. The Fee Agreement further provided that Zuckerman Spaeder would issue monthly statements of the fees and expenses due and that Auffenberg would pay the Firm the amount of fees and expenses set forth in the monthly statement within thirty days of the date of the statement. The Fee Agreement further provided that outstanding balances not paid when due would accrue a service charge at the rate of twelve percent (12%) per annum (one percent per month) from the due date until paid.

9. Zuckerman Spaeder entered an appearance in the Criminal Case and represented Auffenberg in pretrial and trial proceedings in the United States Virgin Islands.

10. Zuckerman Spaeder, through its attorneys and non-attorney staff, provided extensive legal services for Auffenberg within the District of Columbia, including meeting with Auffenberg in the Firm's office in the District of Columbia; communicating frequently with Auffenberg by telephone from the Firm's office in the District of Columbia; communicating frequently with government counsel, codefendants' counsel, co-counsel, experts, witnesses, and the trial judge by telephone and electronic mail from the Firm's office in the District of Columbia; preparing many letters, motions and other court filings, and other documents in the Firm's office in the District of Columbia; electronically filing documents with the court from the Firm's office in the District of Columbia; setting up and maintaining files in the Firm's office in the District of Columbia; and engaging in other work on the Criminal Case prior to trial and during trial in the Firm's office in the District of Columbia. Auffenberg sent all payments for Zuckerman Spaeder's services to the Firm's office in the District of Columbia.

11. The trial in the Criminal Case lasted approximately two months. Auffenberg consulted extensively with Zuckerman Spaeder attorneys during trial and directly observed or otherwise was fully informed of the Firm's actions on his behalf. On March 4, 2009, the jury acquitted Auffenberg of all charges against him.

12. Zuckerman Spaeder provided monthly statements to Auffenberg, to an address designated by him, itemizing the Firm's services, its expenditures of time, and the fees and expenses owed the Firm. Zuckerman Spaeder also has answered Auffenberg's questions about the statements. Auffenberg has failed and refused to pay to Zuckerman Spaeder fees and expenses totaling $ 834,299. More than thirty days has elapsed since the dates of the unpaid statements reflecting those fees and expenses.

## COUNT I – BREACH OF CONTRACT

13. The allegations set forth in Paragraphs 1 to 12 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

14. Zuckerman Spaeder and Auffenberg had a contract for legal services, the Fee Agreement, which provided that Auffenberg would pay the Firm for its legal services and expenses within thirty days of the date of its monthly statements.

15. Zuckerman Spaeder fully performed its obligations under the Fee Agreement. Auffenberg has failed to pay amounts due under the Fee Agreement. This was a breach of the Fee Agreement, done without cause, excuse or justification, damaging Zuckerman Spaeder by depriving it of the fees and reimbursements of expenses to which it was contractually entitled and which it earned.

16. As a result of the foregoing wrongful conduct of Auffenberg, Zuckerman Spaeder has suffered substantial monetary loss. Zuckerman Spaeder therefore seeks damages and other relief as set forth below.

## COUNT II – QUANTUM MERUIT

17. The allegations set forth in Paragraphs 1 to 16 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

18. With the expectation of receiving a fee for its services and reimbursement for costs incurred, Zuckerman Spaeder rendered valuable legal services to Auffenberg during its representation of him in the Criminal Case, which culminated in Auffenberg's acquittal. Auffenberg willingly accepted Zuckerman Spaeder's legal services, and enjoyed the benefits thereof.

19. In payment for its legal services, and as reimbursement for its expenses, Zuckerman Spaeder periodically drew against a retainer deposited by Auffenberg into the Firm's client trust account. Zuckerman Spaeder sent to the office address designated by Auffenberg monthly invoices stating the cost of services rendered and expenses incurred since the previous invoice, and detailing the amount applied from the retainer against these fees and costs. On certain invoices, there was a balance due in excess of the retainer amount applied, and Auffenberg made periodic payments on such balances through the October, 2008 invoice. The retainer was exhausted in partial payment of the February, 2009 invoice. Although Zuckerman Spaeder continued to provide Auffenberg with legal services and continued to send Auffenberg monthly invoices stating fees and costs to the office address designated by Auffenberg, and although Auffenberg knew through the parties' regular course of dealing that Zuckerman Spaeder expected to be paid for such services and reimbursed for such costs, Auffenberg failed

to pay the remaining balance due on the February, 2009 invoice, and made no further payments on any subsequent invoice.

20. As a result of Auffenberg's foregoing wrongful conduct, Zuckerman Spaeder is entitled to the value, *quantum meruit*, of services rendered to Auffenberg but not paid for and of costs incurred on Auffenberg's behalf but not reimbursed, and to other relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zuckerman Spaeder LLP demands the following relief against Defendant James A. Auffenberg, Jr.:

A. Compensatory damages according to proof, but not less than the amount of $834,299;

B. In the alternative, the value of services rendered but not paid for and costs incurred but not reimbursed, *quantum meruit*, according to proof, but not less than the amount of $834,299;

C. Pre-judgment interest at the rate of twelve percent (12%) per annum (one percent (1%) per month);

D. Costs, interest, and attorney's fees; and

E. Such other and further relief as Plaintiff may be entitled to at law, in equity, or otherwise.

Respectfully submitted,

Francis D. Carter (DC Bar No. 164376)
Douglas R. Miller (DC Bar No. 494330)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, 10th Floor

Washington, DC 20036
(202) 778-1800
fcarter@zuckerman.com
dmiller@zuckerman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2009, using the ECF system I caused true and correct copies of the foregoing First Amended Complaint to be filed with the Clerk of Court and to be served on opposing counsel as follows:

David A. Holzworth
Adorno & Yoss, LLP
1225 19th Street, NW, Suite 500
Washington, D.C. 20036

_____
Francis D. Carter