# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Zuckerman Spaeder LLP**<br>        **Plaintiff and Counterclaim**<br>        **Defendant**<br>**v.**<br><br>**James A. Auffenberg, Jr.**<br>        **Defendant and Counterclaim**<br>        **Plaintiff.** | CA No. 09 0906 RBW |

## ANSWER AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

1.  Admitted that Zuckerman Spaeder is a law firm organized as a limited liability partnership under the laws of the State of Maryland with its principal place of business in Washington, D.C. Second sentence requires neither an admission nor a denial, but to the extent it does the allegation is denied.

2.  Admitted.

3.  Admitted

4.  Admitted.

5.  Defendant lacks information sufficient to provide a basis for admission or denial.

6.  Admitted that in June 2008 Auffenberg executed a written agreement. The characterization of the agreement is neither admitted nor denied. Admitted as to the last sentence of the paragraph.

7.  Admitted that in August 2008 Auffenberg executed a written engagement agreement. The characterization of the agreement is neither admitted nor denied. The last sentence does not require either an admission or a denial.

8.  The characterization of the agreement is neither admitted nor denied.

9. Admitted.

10. Admitted as to the last sentence of the paragraph.  Defendant lacks information sufficient to provide a basis for admission or denial of the types of activities originating from the District of Columbia office or to the extent that they occurred.  Defendant affirmatively states that plaintiff charged for services by support staff that were not agreed to and which were, by agreement, to be provided by a service not affiliated with plaintiff.

11. Admitted as to the first sentence.  Denied as to the second sentence.  Admitted as to the last sentence.

12. Admitted as to the first sentence. Denied that Zuckerman Spaeder fully and satisfactorily answered Auffenberg's questions about the statement.  Admitted as to the third and forth sentences.  Defendant affirmatively states that plaintiff charged for services by support staff that were not agreed to and which were, by agreement, to be provided by a service not affiliated with plaintiff, and otherwise overcharged for services which were not agreed to or approved in the amount of at least $834.299.

**COUNT I – BREACH OF CONTRACT**

13. The answers set forth in Paragraphs 1 to 12 of this Answer are re-alleged and incorporated by reference as if fully set forth herein.

14. Admitted that Zuckerman Spaeder and Auffenberg had a contract for legal services.

15. Denied.

16. Denied.

## COUNT II – QUANTUM MERIT

17. The answers to the allegations set forth in Paragraphs 1-16 of this Answer are re-alleged and incorporated by reference as if fully set forth herein.

18. Denied that Zuckerman Spaeder rendered valuable legal services commensurate with amount billed or in accordance with the legal services agreement. Denied that Zuckerman Spaeder had a reasonable expectation of receiving fees in the amount billed. Denied that the services billed in excess of the reasonable amount for those services culminated in Auffenberg's acquittal and/or had any causal connection to the acquittal. Denied that Auffenberg willingly accepted Zuckerman Spaeder's legal services for those services contrary to the legal services agreement. Denied that Auffenberg enjoyed any benefits from the services related to the excessive billing.

19. Denied that Zuckerman Spaeder properly or timely drew down on the retainer. Denied that Zuckerman Spaeder timely or properly sent invoices to the office address designated by Auffenberg. Denied that a balance was due in excess of the amount paid by Auffenberg. To the extent that any other allegation of this paragraph requires an admission or denial, it is denied.

20. Denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The fee billed by Zuckerman Spaeder exceeded by over 50% the reasonable fee for the services provided customarily charged by District of Columbia practitioners with comparable experience as well as Zuckerman Spaeder's own customary charge for such services in violation of Rule 1.5 (a)(3).

SECOND AFFIRMATIVE DEFENSE

The fee billed by Zuckerman Spaeder exceeded by over 50% the reasonable fee for the services provided given the nature and length of the professional relationship between Zuckerman Spaeder and Auffenberg.

THIRD AFFIRMATIVE DEFENSE

The fee billed by Zuckerman Spaeder exceeded by over 50% the limitations imposed by the client and agreed to by Zuckerman Spaeder for such services in violation of Rule 1.5 (a)(5).

FOURTH AFFIRMATIVE DEFENSE

The excessive fee billed by Zuckerman Spaeder was not communicated to Auffenberg, in writing, before or within a reasonable time after commencing the representation in violation of Rule 1.5(b).

FIFTH AFFIRMATIVE DEFENSE

The excessive fee billed by Zuckerman Spaeder was in violation of Rule 1.5 because Zuckerman Spaeder did not provide, in writing or by any other means, a revised estimate even if developments occurred during representation that rendered an earlier estimate inaccurate.

SIXTH AFFIRMATIVE DEFENSE

The excessive fee billed by Zuckerman Spaeder was in violation of Rule 1.5 because Zuckerman Spaeder improperly placed Auffenberg in a position to bargain for further assistance in the midst of a proceeding or transaction and constituted the exploitation by Zuckerman Spaeder of a fee arrangement based on hourly charges and the use of wasteful document control and management procedures.

SEVENTH AFFIRMATIVE DEFENSE

The excessive fee billed by Zuckerman Spaeder is barred by the equitable doctrine of unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

The excessive fee billed by Zuckerman Spaeder is unconscionable and contrary to public policy.

NINTH AFFIRMATIVE DEFENSE

The interest rate claimed by Zuckerman Spaeder on alleged amounts owed that are allegedly overdue is unconscionable and contrary to public policy and the District of Columbia Rules of Professional Conduct.

**NATURE OF COUNTERCLAIM**

1. This is a counterclaim in an amount in excess of $2.35 million by a client against its former law firm for breach of fiduciary duty and legal malpractice for overbilling for services that the law firm agreed would be provided by a vendor unaffiliated with the firm, and for attempting to extract an agreement to pay for those services under the pressure of an ongoing trial and improper attempts to publicize the fee dispute.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1332 in that the plaintiff and defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000. Venue is proper under 28 U.S.C. §1391(a).

3. This Court has personal jurisdiction over Plaintiff and Counterclaim Defendant pursuant to D.C. Code §§ 13-422 and 423 because Counterclaim Defendant has an enduring relationship with the District of Columbia and is licensed to do business and does transact business in the District of Columbia.

**THE PARTIES**

4. Defendant and Counterclaim Plaintiff James A. Auffenberg (Auffenberg) is a resident of the State of Illinois.

5. Plaintiff and Counterclaim Defendant Zuckerman Spaeder, LLP (Zuckerman Spaeder) is a law firm organized under the laws of the State of Maryland with its principal place of business in Washington, D.C.

**FACTS**

6. In May 2008, Auffenberg met with Paula Junghans, a Zuckerman Spaeder partner, in the District of Columbia in connection with a pending case.

7. In June 2008, Auffenberg executed a written engagement agreement with that Zuckerman Spaeder partner.

8. All fees billed pursuant to the June 2008 agreement were within the scope of services provided and the estimate of fees that would be charged for those services.

9. All fees billed pursuant to the June 2008 agreement were promptly paid upon submission of an invoice.

10. In August 2008, another Zuckerman Spaeder partner, Blair Brown, met with Auffenberg in Illinois to discuss arrangements for entering an appearance as trial counsel for Auffenberg in the Virgin Islands.

11. In August 2008, Auffenberg executed a second engagement agreement that provided for Zuckerman Spaeder partner Blair Brown to enter an appearance as counsel for Auffenberg and to represent Auffenberg at trial.

12. Prior to executing the August 2008 agreement, Auffenberg interviewed other similarly qualified trial counsel. As the result of those interviews, Auffenberg obtained an

understanding as to the appropriate range of fees for the kind of representation that he required.

13. Prior to executing the August 2008 agreement, Auffenberg obtained from Zuckerman Spaeder an estimate of the range of fees to be expected for the representation that he required. Zuckerman Spaeder provided an upper estimate of $1.5 million.

14. Prior to executing the August 2008 agreement, Auffenberg discussed with Zuckerman Spaeder the need to carefully manage costs related to document management and other litigation support activities. In connection with that discussion, Zuckerman Spaeder was made aware of an arrangement to use an unaffiliated vendor to perform document management control functions. Zuckerman Spaeder agreed to the use of the unaffiliated vendor.

15. Zuckerman Spaeder unilaterally, and without prior discussion with or agreement by Auffenberg, undertook to duplicate within Zuckerman Spaeder document management and control functions.

16. Auffenberg received two months of invoices from Zuckerman Spaeder shortly before the trial was about to begin that reflected activity of Zuckerman Spaeder that departed from the agreement to rely upon an unaffiliated vendor for document control and management functions.

17. After receipt of the invoices, Auffenberg expressed concern to Zuckerman Spaeder about the alarming increase above the estimate provided in August 2008 and in the amount being charged for representation in the case.

18. Zuckerman Spaeder continued to disregard the agreement made with Auffenberg to use the unaffiliated vendor for document control and management.

19. Auffenberg has paid all invoices of Zuckerman Spaeder up to the total upper end of the estimated cost of $1.5 million, even though several of the events that supported the high end of the estimate had not occurred, e.g. the trial was two weeks shorter than originally estimated.

**COUNT I**

**LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY IN BILLING AN UNREASONABLE FEE IN VIOLATION OF RULE 1.5 OF THE DISTRICT OF COLUMBIA RULES OF PROFESSIONAL CONDUCT**

20. The allegations of Paragraphs 1 to 19 of this Complaint are re-alleged and incorporated by reference.

21. Rule 1.5 (a) of the District of Columbia Rules of Professional Conduct provides in relevant part:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

\*\*\*\*

(3) The fee customarily charged in the locality for similar legal services;

\*\*\*\*

(5) The limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

22. Rule 1.5 (b) of the District of Columbia Rules of Professional Conduct provides in relevant part:

(b) When the lawyer has not regularly represented the client, the basis or rate of the fee, the scope of the lawyer's representation, and the expenses for which the client will be responsible shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

23. The Comment to Rule 1.5 provides in relevant part:

When developments occur during the representation that render an earlier estimate substantially inaccurate, a revised estimate should be provided to the client.

24. The Comment to Rule 1.5 further provides in relevant part:

[5] An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in the light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures.

25. The fee billed by Zuckerman Spaeder exceeded by over 50% the reasonable fee for the services provided customarily charged by District of Columbia practitioners with comparable experience as well as Zuckerman Spaeder's own customary charge for such services in violation of Rule 1.5 (a)(3).

26. The fee billed by Zuckerman Spaeder exceeded by over 50% the limitations imposed by the client and agreed to by Zuckerman Spaeder for such services in violation of Rule 1.5 (a)(5).

27. The fee billed by Zuckerman Spaeder exceeded by over 50% the reasonable fee for the services provided given the nature and length of the professional relationship between Zuckerman Spaeder and Auffenberg.

28. The excessive fee billed by Zuckerman Spaeder was not communicated to Auffenberg, in writing, before or within a reasonable time after commencing the representation in violation of Rule 1.5(b).

29. The excessive fee billed by Zuckerman Spaeder was in violation of Rule 1.5 because Zuckerman Spaeder did not provide, in writing or by any other means, a revised estimate even if developments occurred during representation that rendered an earlier estimate inaccurate.

30. The excessive fee billed by Zuckerman Spaeder was in violation of Rule 1.5 because Zuckerman Spaeder improperly placed Auffenberg in a position to bargain for further assistance in the midst of a proceeding or transaction and constituted the exploitation by Zuckerman Spaeder of a fee arrangement based on hourly charges and the use of wasteful document control and management procedures.

**COUNT II**

**LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY IN UNREASONABLY PUBLICIZING AND DISCLOSING CLIENT CONFIDENCES IN CONNECTION WITH A FEE COLLECTION DISPUTE IN VIOLATION OF RULE 1.6 OF THE DISTRICT OF COLUMBIA RULES OF PROFESSIONAL CONDUCT**

31. Paragraphs 1 through 30 are restated and incorporated herein by reference.

32. Rule 1.6(5) (e) to (h) of the District of Columbia Rules of Professional Conduct provides:

(e) A lawyer may use or reveal client confidences or secrets:

(1) with the informed consent of the client;

(2) (A) when permitted by these Rules or required by law or court order; and

(B) if a government lawyer, when permitted or authorized by law;

(3) to the extent reasonably necessary to establish a defense to a criminal charge, disciplinary charge, or civil claim, formally instituted against the lawyer, based upon conduct in which the client was involved, or to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client;

(4) when the lawyer has reasonable grounds for believing that a client has impliedly authorized disclosure of a confidence or secret in order to carry out the representation;

(5) to the minimum extent necessary in an action instituted by the lawyer to establish or collect the lawyer's fee; or

(6) to the extent reasonably necessary to secure legal advice about the lawyer's compliance with law, including these Rules.

(f) A lawyer shall exercise reasonable care to prevent the lawyer's employees, associates, and others whose services are utilized by the lawyer from disclosing or using confidences or secrets of a client, except that such persons may reveal information permitted to be disclosed by paragraphs (c), (d), or (e).

(g) The lawyer's obligation to preserve the client's confidences and secrets continues after termination of the lawyer's employment.

(h) The obligation of a lawyer under paragraph (a) also applies to confidences and secrets learned prior to becoming a lawyer in the course of providing assistance to another lawyer.

33. Upon information and belief and the fair inferences to be drawn from written communications from counsel of record for Zuckerman Spaeder, an attorney who is a member of the firm, has contacted potential witnesses in this litigation, including counsel to Mr. Auffenberg from firms other than Zuckerman Spaeder and has divulged to them

confidential information not reasonably and narrowly connected to the fee dispute, and intends to continue in that course of conduct in violation of Rule 1.6. Those written communications, as contained in Exhibits A and B are, are incorporated herein by reference.

34. The comment to Rule 1.6 of the District of Columbia Rules of Professional Conduct provides:

**FEE COLLECTION ACTIONS**

[26] Subparagraph (e)(5) permits a lawyer to reveal a client's confidences or secrets if this is necessary in an action to collect fees from the client. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary. Subparagraph (e)(5) should be construed narrowly; it does not authorize broad, indiscriminate disclosure of secrets or confidences. The lawyer should evaluate the necessity for disclosure of information at each stage of the action. For example, in drafting the complaint in a fee collection suit, it would be necessary to reveal the "secrets" that the lawyer was retained by the client, that fees are due, and that the client has failed to pay those fees. Further disclosure of the client's secrets and confidences would be impermissible at the complaint stage. If possible, the lawyer should prevent even the disclosure of the client's identity through the use of John Doe pleadings.

[27] If the client's response to the lawyer's complaint raised issues implicating confidences or secrets, the lawyer would be permitted to disclose confidential or secret information pertinent to the client's claims or defenses. Even then, the rule would require that the lawyer's response be narrowly tailored to meet the client's specific allegations, with the minimum degree of disclosure sufficient to respond effectively. In addition, the lawyer should continue, throughout the action, to make every effort to avoid unnecessary

disclosure of the client's confidences and secrets and to limit the disclosure to those having the need to know it. To this end the lawyer should seek appropriate protective orders and make any other arrangements that would minimize the risk of disclosure of the confidential information in question, including the utilization of in camera proceeding.

35. Upon information and belief Zuckerman Spaeder through counsel of record did deliberately and unnecessarily seek to publicize the fee collection dispute with Mr. Auffenberg by causing the suit to be publicized in the blog pages of the Legal Times a.k.a. The National Law Journal and also commented on the record as to the merits of the allegations contained in the complaint filed by Zuckerman Spaeder, thereby violating the letter and the spirit of the provisions and commentary to Rule 1.6 of the District of Columbia Rules of Professional Conduct. A copy of the blog page is attached as Exhibit C and incorporated herein by reference.

**PRAYER FOR RELIEF AS TO COUNTS I AND II**

WHEREFORE, Defendant and Counterclaim Plaintiff James Auffenberg, Jr. demands the following relief against Plaintiff and Counterclaim Defendant Zuckerman Spaeder, LLP:

A. A declaratory judgment setting aside all charges for document management and control attributable to the use of Zuckerman Spaeder personnel or any other vendor than the one agreed to;

B. Punitive damages for Zuckerman Spaeder's intentional breach of fiduciary duty in violating the provisions of D.C. Rules of Professional Conduct 1.5 and 1.6 in the amount of $1,500,000;

C. Costs, pre and post judgment interest, and attorney's fees; and

D. Such other and further relief as Defendant may be entitled to at law, in equity or otherwise.

**JURY TRIAL DEMANDED**

Pursuant to *Fed. R. Civ. P. 38*, Defendant demands a jury trial for all issues so triable.

                                      By:    /s/ David A. Holzworth
                                                    David A. Holzworth (322966)
                                                    ADORNO & YOSS, LLP
                                                    1225 19th St., NW, Suite 500
                                                    Washington, DC  20036
                                                    Tel:  202-857-0242
                                                    Fax:  202-861-0610
                                                    Email:  dah@adorno.com

Date:  08/24/09                                        Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ___24th___ day of August, 2009, I caused true and correct copies of the foregoing Answer and Counterclaim to First Amended Complaint, to be filed with the Clerk of Court and opposition counsel using the ECF system as follows:

Francis D. Carter
Zuckerman Spaeder LLP
1800 M STREET, NW
SUITE 1000
WASHINGTON, DC  20036-5802


      /s/  Elizabeth E. Eaton-G.
      Elizabeth E. Eaton-G.
      Legal Assistant to David A. Holzworth